# EXHIBIT A

Case 4:20-cv-02948 Document 1-2 Filed on 08/21/20 in TXSD Page 2 of 9

5/21/2019 10:33 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 33732403
By: Nelson Cuero
Filed: 5/20/2019 9:59 PM

CAUSE NO._____

| | | |
|---|---|---|
| **BILLY JOHNSON,** | § § | **IN THE DISTRICT COURT** |
| Plaintiff, | § § § | |
| vs. | § § | **OF HARRIS COUNTY, TEXAS** |
| **SAN JACINTO COLLEGE** | § § § | |
| Defendant, | § | _____ **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES

**TO THE HONORABLE JUDGE OF SAID COURT:**

Billy Johnson ("Plaintiff" or "Mr. Johnson"), files this Original Petition complaining of and about San Jacinto College ("Defendant"), and for cause of action would show the following:

### I.   DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery under Level 2 pursuant to Rule 190 of the Texas Rules of Civil Procedure.

### II.   PARTIES

Plaintiff, Billy Johnson, is an individual and citizen of the United States, residing in Houston, Harris County, Texas.

Defendant San Jacinto College is a Not-For-Profit Community College located in Pasadena, Harris County Texas. It may be served through its counsel Lisa A. Brown, Thompson & Horton LLP, 3200 Southwest Freeway, Suite 2000, Houston, Texas 77027, 713-554-6741.

### III.   JURISDICTION AND VENUE

This Court has jurisdiction as this action arises under Texas Commission on Human Rights Act, Texas Labor Code § 21.001, *et al* and Chapter 451 of the Texas Labor Code, *et al*.

Venue is proper in Harris County, Texas under Texas Civil Practice and Remedies Code §15.002 as all or a substantial part of the events or omissions giving rise to the claim occurred in this county.

## IV.    CONDITIONS PRECEDENT

All conditions precedent to jurisdiction have occurred or been complied with: a charge of discrimination was jointly filed with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission Civil Rights Division ("TWC-CRD") and the Plaintiff's lawsuit has been filed within ninety days of receipt of the EEOC's issuance of a right to sue letter.

## V.    FACTS

Mr. Johnson, who is 71 years old, began working for Defendant in December, 2006. In August, 2016, Mr. Johnson was injured on the job when he fell off a forklift. He sought medical attention and subsequently filed a workers' compensation claim against Defendant shortly after the injury occurred. Following his injury, it became clear that Defendant had no interest in employing him anymore; not only because he had filed a workers' compensation claim but also because of his age. He was forced to retire in June, 2018, by the College, against his own protests.

Following his August, 2016 injury, Mr. Johnson struggled to work with the College with regard to an accommodation. His doctor had assigned him light duty work, which he believes was available at the time, and ordered him not to drive. However, the College forced him to come back to work and forced him to drive 700 miles a week, against his doctor's orders.

In the time following his injury, numerous people told Mr. Johnson to retire and/or asked him "when he was going to retire." Mr. Johnson's supervisor, Ron Andall, Director, Facilities

Operations, asked Mr. Johnson several times when he was going to retire and told him that he wanted him to retire so that he could move his friend into Mr. Johnson's position. Mr. Johnson was specifically told, "we've got a younger guy we want to put in the office."

Mr. Johnson was also told, "we found a younger guy that can do your job," by John Maslonka, Mr. Johnson's former supervisor, who also asked him multiple times when he was going to retire. Gay Kendrick, Manager-Maintenance, also asked Mr. Johnson when he was going to retire and Mr. Johnson's co-workers also got into the act – constantly asking him when he was going to retire. Mr. Johnson vehemently protested these urgings to retire and made it very clear that he had no plans to retire for another seven years.

Subsequently, after he was forced to retire, Mr. Andall got what he wanted and Mr. Johnson was replaced by Mike Marchuk, who he believes was 49 years old at the time he replaced Mr. Johnson.

Not only did several of Mr. Johnson's supervisors tell him flat out to retire, but when he refused, Mr. Johnson was transferred to a vacant building where he was forced to work alone with no computer and no phone. It is his understanding that Defendant had plans to tear down the building where he was sent to work at the time. The building was roach infested, covered in trash, vacant, had no panic button and no fire extinguisher. Mr. Johnson complained multiple times, but he was forced to work in that building for eight months before he was finally moved. In fact, it is our understanding that Jeff Chapatti, Maintenance Grounds Supervisor told Thaddeus King, Groundskeeper, not to go over to the building or to do anything involving maintenance to the building, while Mr. Johnson was working there.

Mr. Johnson complained to multiple people multiple times about the discrimination but no one did anything about it at all. When Mr. Johnson complained about the building and the

harassment to Bryan Jones, Assoc. VC, Facilities Services and William Dickerson, Director of Accounting and Financial Services, who both told him they "didn't want to get involved!" Mr. Johnson also complained to Vicki Del Bello, Director, Employee Relations and Benefits. He had four meetings with Ms. Del Bello wherein he complained that he was being retaliated against and being asked to retire. She made it clear to him that she did not want to get involved with his complaints. Mr. Johnson also met with Wesley Morris, Manager, Facilities Support Services about the retaliation and harassment. Mr. Morris did nothing. Mr. Johnson also complained to Teri Zamora, Vice Chancellor Fiscal Affairs, but she too did nothing about his complaints although Mr. Johnson specifically told Ms. Zamora, "I am being forced into retirement!" Mr. Johnson also complained to his supervisors John Malena and Gyngell Kendrick about the disgusting building he was forced to work in. Mr. Malena simply responded that if he didn't like the building then he could "go back to working Central," knowing that his injuries would not let him drive that long distance.

There is simply no doubt that Defendant harassed Mr. Johnson based on his age and forced him to retire for the same reason. The very fact that he was replaced by an employee nearly twenty years younger solidifies Mr. Johnson's claims for age discrimination.

Not only did Defendant discriminate against Mr. Johnson based upon his age, but it also retaliated against him for filing a workers' compensation claim and for hiring an attorney to represent him with regard to the workers' compensation claim. Mr. Johnson hired an attorney, Larry Watts, to represent him in his workers compensation claim on February 1, 2018. Mr. Watts filed a Notice of Representation with the Texas Department of Insurance on May 3, 2018 and a Contested Case Hearing ("CCH") was scheduled for June 27, 2018. On June 1, 2018, Ms. Lambert informed Mr. Johnson that he "had to retire or he would lose all of his benefits." She

then tried to get him to complete an Exit Questionnaire which he refused to complete because the questionnaire was titled "voluntary separation only," and Mr. Johnson remained adamant that he was not retiring. It is believed that because Mr. Johnson hired a worker's compensation attorney and because of his age he was subsequently bullied about retiring and ultimately forced to retire.

Ms. Lambert claimed that Mr. Johnson "could not do the job." However, this was not true. The only restriction Mr. Johnson had at the time was that he could not drive long distances. His job did not always entail driving long distances so there was no reason for Defendant to refuse this accommodation. Further, there are numerous examples of employees being allowed to stay on the job or being accommodated with light duty work who are younger than Mr. Johnson. Therefore, Defendant's claim that it could not accommodate Mr. Johnson is merely a pretext for discrimination based on age and retaliation for his filing a worker's compensation attorney to handle his matter.

Based on the above set of facts Defendant violated the Texas Labor Code.

## VI. VIOLATIONS OF THE TEXAS LABOR CODE – AGE DISCRIMINATION

The allegations contained in all paragraphs of the petition are hereby incorporated by reference with the same force and effect as if set forth verbatim.

Chapter 21 of the Texas Labor Code protects persons forty years of age and older against discriminatory employment practices based on age. Pursuant to section 21.001 of the Texas Labor Code Plaintiff pleads a cause of action against the Defendant for age discrimination.

The Defendant engaged in discrimination and harassment against Plaintiff, an individual over forty years of age, and ultimately forced him to retire based upon his age. Plaintiff further asserts on knowledge and belief that his former position was filled by someone younger than him. The effect of these practices has been to deprive Plaintiff of equal employment

opportunities and otherwise affected his status as an employee. Plaintiff has suffered damages due to Defendant's violations of the TCHRA.

### VII. VIOLATIONS OF THE TEXAS LABOR CODE – WORKERS COMPENSATION RETALIATION

The allegations contained in all paragraphs of the petition are hereby incorporated by reference with the same force and effect as if set forth verbatim.

Plaintiff was employed by Defendant at the time of his injury. Defendant was a subscriber under the Texas Workers' Compensation Act. Plaintiff hired an attorney to represent him in a workers' compensation claim. Plaintiff filed a workers' compensation claim in good faith with the Workers' Compensation Division of the Texas Department of Insurance on _____.

Defendant wrongfully discharged by forced retirement, discriminated, and/or retaliated against Plaintiff, wholly or in part, for hiring an attorney to represent him in a worker's compensation claim; for being injured on the job; for requesting medical treatment; and for filing a workers compensation claim.

Defendant's wrongful discrimination and retaliation against Plaintiff proximately caused injuries and damages to Plaintiff

### VIII. VIOLATIONS OF THE TEXAS LABOR CODE - RETALIATION

The allegations contained in all paragraphs of the complaint are hereby incorporated by reference with the same force and effect as if set forth verbatim.

Chapter 21 of the Texas Labor Code prohibits retaliation against a person who has opposed discrimination by filing a charge or complaint or testified, assisted, or participated in an investigation, proceeding, or hearing under the TCHRA. See Tex. Lab. Code § 21.055.

Pursuant to section 21.055 of the Texas Labor Code Plaintiff pleads a cause of action

against the Defendant for retaliation.

Plaintiff engaged in a protected activity by complaining to multiple supervisors that the questions about when he would retire and the persistent suggestions and requests that he retire were discriminatory actions. In response to his complaints Plaintiff was subjected to a hostile work place by being placed to work in an inhospitable and unsafe building. Ultimately Plaintiff was forced to retire following his complaints about age discrimination. The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affected his status as an employee.

Plaintiff alleges that the Defendant retaliated against him in violation of Chapter 21 of the Texas Labor Code.

## IX.   DAMAGES

Plaintiff sustained damages as a result of the actions and/or omissions of Defendant described herein. Accordingly, Plaintiff is entitled to an award of actual and compensatory damages, punitive damages, lost wages and benefits in the past and future, in an amount within the jurisdictional limits of the court. Plaintiff also seeks an award of damages for his mental anguish and pain and suffering he has suffered, continues to suffer, and will suffer in the future. Plaintiff further seeks costs, interest and attorney's fees.

Plaintiff seeks monetary relief of over $200,000.00 but not more than $5,000,000.00, unless a jury finds that this amount is not sufficient to compensate Plaintiff and deter Defendant from such acts in the future.

## X.   JURY DEMAND

Plaintiff demands a jury on all issues to be tried in this matter and herein submits the jury fee.

## XI.  REQUEST FOR DISCLOSURES

Defendant is hereby requested to disclose within fifty (50) days of service of this request, the information or material described in Rule 194.2 of the Texas Rules of Civil Procedure.

## XII.  PRAYER

For the reasons set forth above, Plaintiff, Billy Johnson respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court and such other and further relief to which the Plaintiff may be entitled at law or in equity.

RESPECTFULLY SUBMITTED

MISHOE MILLER LAW, PLLC

*/s/ Michelle Mishoe Miller*
Michelle Mishoe Miller
State Bar No. 24044991
4309 Yoakum Blvd.
Houston, TX 77006
Tel: 713-409-2719
Fax: 832-550-2073
Email: michelle.miller@mishoemillerlaw.com