IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BILLY JOHNSON, | § | |
| *Plaintiff*, | § § § | |
| v. | § § | Civil Action No.: 4:20-cv-2948 |
| SAN JACINTO COLLEGE, | § § § | |
| *Defendant*. | § | |

## ORDER

This matter is before the Court on Plaintiff's Motion to Remand (Dkt. 5) and Defendant's Motion to Dismiss Plaintiff's state law claims (Dkt. 7). Having considered the pleadings, the parties' filings, and the law, it is **ORDERED** that Plaintiff's claim for workers' compensation retaliation under Chapter 451 of the Texas Labor Code is **SEVERED** from this cause of action and **REMANDED** to the 215th Judicial District Court for Harris County, Texas. It is, further, **ORDERED** that Defendant's Motion to Dismiss (Dkt. 7) is **DENIED** in part as **MOOT** and **GRANTED** in part.

**I. BACKGROUND**

Plaintiff Billy Johnson, who is currently 71 years old, began working for Defendant in December 2006. Dkt. 1-2 at 3. In August 2016, Johnson fell off a forklift while on the job and filed a workers' compensation claim shortly thereafter. *Id*. Plaintiff alleges that, following the injury, "it became clear that Defendant had no interest in employing him anymore; not only because he had filed a workers' compensation claim but also because of his age." *Id*. Plaintiff alleges we was eventually "forced" to retire in June 2018. *Id*.

Plaintiff filed the pending action in the 215th Judicial District Court for Harris County,

1

Texas on May 21, 2019, bringing three causes of action against Defendant under the Texas Labor Code. Dkt. 1-2 at 2-9. Plaintiff filed his First Amended Petition in state court on August 1, 2020 adding multiple federal law claims. Dkt. 1-10 at 2-11. Plaintiff's Amended Petition includes claims for age discrimination and retaliation under the Age Discrimination in Employment Act ("ADEA") and Texas Commission on Human Rights Act ("TCHRA") codified in Chapter 21 of the Texas Labor Code; disability discrimination and retaliation under the Americans with Disabilities Act ("ADA"); and workers' compensation retaliation in violation of the Texas Workers' Compensation Act ("TWCA"), codified in Chapter 451 of the Texas Labor Code. *Id*.

Defendant filed a timely Notice of Removal (Dkt. 1) on August 21, 2020 based on federal question jurisdiction. Plaintiff filed the pending Motion to Remand (Dkt. 5), in which Plaintiff requests the Court sever his workers' compensation retaliation claim and remand it to the 215th Judicial District Court of Harris County, Texas. Dkt. 5 ¶ 7. Defendant filed the pending Motion to Dismiss Plaintiff's state law claims on September 22, 2020. Dkt. 7.

## II.  PLAINTIFF'S MOTION TO REMAND

Plaintiff argues his workers' compensation retaliation claim must be severed and remanded to state court because it is non-removable. Dkt. 5 at 3-4. Federal courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. A defendant may remove an action subject to the original jurisdiction of the federal courts to the district court embracing the place where the action is pending in state court. *Id*. § 1441. Claims brought under the ADA and ADEA are removable claims subject to the original jurisdiction of the federal courts because they arise under the laws of the United States. Workers' compensation claims, on the other hand, are non-removable pursuant to 28 U.S.C. § 1445(c), which provides that civil actions in state court arising under the workers' compensation laws of

that state may not be removed to the federal courts. *Id*. § 1445(c). Where a civil action includes both claims subject to the original jurisdiction of the federal courts and claims that have been made non-removable by statute, upon removal based on federal question jurisdiction, the district court must sever from the action all non-removable claims and remand them to the state court. *Id*. § 1441(c)(A)-(B).

In this case, Plaintiff alleges that he hired an attorney to represent him in a workers' compensation claim, filed a claim in good faith, and was then "wrongfully discharged by forced retirement, discriminated, and/or retaliated against." Dkt. 1-10 at 8. The claim for workers' compensation retaliation clearly arises under Texas workers' compensation laws.[1] *See Jackson v. Wal-Mart Stores Texas, LLC*, 925 F. Supp. 2d 810, 813 (N.D. Tex. Feb. 25, 2013) (quoting *Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1118 (5th Cir. 1998)) ("[A] claim of retaliatory termination under § 451.001 is a claim arising under Texas worker's compensation laws."). The parties do not dispute that, assuming the Court orders remand of the workers' compensation claim, the claim should be severed, leaving Plaintiff's remaining claims in federal court. The Court agrees. *See* 28 U.S.C. § 1441(c)(1)-(2) (stating when a civil action includes claims arising under the laws of the United States and claims that have been nonremovable by statute, the district court should sever and remand the nonremovable claims); *Jackson*, 925 F. Supp. 2d at 814 ("[I]f a court has federal question jurisdiction over one claim in a case and Congress has made another independent claim in the same case nonremovable, the court may sever and remand only the nonremovable claim.")

However, Defendant argues that remand is improper because Defendant is immune from workers' compensation retaliation claims based on its status as a political subdivision of the state.

---

[1] Section § 451 of the Texas Labor Code prohibits employers from discharging or discriminating against employees because they have (1) filed a workers' compensation claim in good faith; (2) hired a lawyer to represent them in a workers' compensation claim; (3) instituted in good faith a proceeding under the Texas Workers' Compensation Act; or (4) testified in a proceeding under the Texas Workers' Compensation Act. TEX. LABOR CODE § 451.001.

Dkt. 13 at 2-3.  Defendant suggests it would be "improper to remand this matter to state court based upon the pleading of a legal theory from which the Defendant has immunity[,]" but cites no authority for the position.  *Id*. at 3.  The plain language of 28 U.S.C. § 1441(c)(1)-(2) requires the Court to sever the non-removable workers' compensation retaliation claims:

> (c) Joinder of Federal law claims and State law claims.
>> (1) If a civil action includes--
>>> (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
>>> (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
>>
>> (2) *Upon removal of an action described in paragraph (1), the district court **shall** sever from the action all claims described in paragraph (1)(B) and **shall** remand the severed claims to the State court from which the action was removed. . .*

28 U.S.C. § 1441(c)(1)-(2) (emphasis added).  Therefore, the workers' compensation claims will be severed and remanded, leaving the immunity issue to be decided by the state court.

### III.  DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S STATE LAW CLAIMS

In its Motion to Dismiss, Defendant argues Plaintiff's claims under Chapter 21 of the Texas Labor Code, (the "TCHRA claims") and Chapter 451 of the Texas Labor Code (the "TWCA claims") must be dismissed.  As discussed above, the Court must sever and remand the TWCA/workers' compensation claims.  Therefore, Defendant's motion to dismiss the TWCA/workers' compensation claims is **DENIED** as **MOOT**.

With respect to Plaintiff's TCHRA claims, Defendant argues Plaintiff cannot state a claim for age discrimination or retaliation because he failed to timely file a charge of discrimination.[2]

---

[2] Plaintiff's Response to Defendant's Motion to Dismiss addresses only the motion to dismiss the workers' compensation retaliation claims.  Dkt. 14.  Because Plaintiff failed to respond to Defendant's argument regarding the TCHRA claims, the Court will consider the motion to dismiss those claims as unopposed.  *See Jackson v. Ferretis*, Civil Action No. H-17-1922, 2017 WL 4221089, at *2 (S.D. Tex. Sep. 21, 2017) (citations omitted) (treating an

4

"[T]he Texas Labor Code requires those claiming employment discrimination to file an administrative complaint with the [Texas Workforce Commission ("TWC")] before filing an action in court[.]" *Hinkley v. Envoy Air, Inc.*, 968 F.3d 544, 552 (5th Cir. 2020) (citations omitted). The TWC investigates the administrative complaint and determines whether there is a reasonable basis to believe the employer engaged in the practice alleged in the administrative complaint. *Id.* (citations omitted). The employee or complainant may bring a civil action against the employer, but only if he complies with the statutory requirements for exhausting administrative remedies, one of which is that the administrative complaint be filed no later than the 180th day after the alleged unlawful employment practice occurred. *Id.* (citations omitted) (citing TEX. LAB. CODE § 21.202(a)). The Texas Labor Code makes the exhaustion of remedies provision mandatory and provides for dismissal of untimely claims. *Id.* at 553. Thus, § 21.202(a) of the Texas Labor Code creates a statute of limitations defense to a TCHRA claim when the administrative charge is not filed within 180 days of the act alleged to be an unlawful employment practice.

Defendant attached to its Motion to Dismiss a copy of Plaintiff's Charge of Discrimination (the "TWC Charge") filed with the TWC.³ Dkt. 7-1 at 2. Plaintiff alleges the discrimination and retaliation against him began on October 27, 2016 and ended on June 1, 2018 when he was forced to retire. *Id.* Thus, in order to exhaust administrative remedies for violations of the TCHRA prior to filing suit against Defendant, Johnson was required to file the charge of discrimination within

---

argument for dismissal of the plaintiff's claims as unopposed where the plaintiff failed to address the arguments in her response).
³ Typically, this Court's review of a motion to dismiss is limited to the allegations in the complaint and attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quotations omitted). However, the Court may consider attachments to a motion to dismiss and consider them part of the pleadings where "they are referred to in the plaintiff's complaint and are central to her claim." *Id.* (quotations omitted). In this case, Plaintiff did not attach a copy of the TWC Charge to his Amended Petition, but his complaint refers to it. Dkt. 1-10 at 3 ("[A] charge of discrimination was jointly filed with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission Civil Rights Division ("TWC-CRD") . . ..").  Therefore, the Court will consider the TWC Charge when deciding Defendant's Motion to Dismiss.

180 days of his forced retirement, or by December 1, 2018.  The Charge of Discrimination was not filed until February 14, 2019, a date clearly beyond the mandatory 180-day deadline.  Plaintiff failed to comply with the mandatory deadline for filing the administrative charge of discrimination.  As a result, his claims against Defendant for discrimination and retaliation in violation of the TCHRA are time-barred and should be dismissed with prejudice.  *See Hinkley*, 968 F.3d at 554-55 (affirming district court's dismissal with prejudice of plaintiff's TCHRA claims where plaintiff failed to file a complaint with the EEOC or TWC within 180 days of the allegedly discriminatory action).

## IV.  CONCLUSION

Pursuant to 28 U.S.C. §§ 1445(c) and 1441(c), Plaintiff's Motion to Remand his workers' compensation retaliation claims under Texas Labor Code § 451 is **GRANTED.** Plaintiff's workers' compensation retaliation claims are **SEVERED** from this cause of action and **REMANDED** to 215th Judicial District Court of Harris County, Texas.

Defendant's Motion to Dismiss Plaintiff's workers' compensation retaliation claims is **DENIED AS MOOT.**  Defendant's Motion to Dismiss Plaintiff's claims under the TCHRA is **GRANTED** and the TCHRA claims are **DISMISSED WITH PREJUDICE**.

Signed on January 5, 2021 at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge