IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BILLY JOHNSON, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.: 4:20-cv-2948 |
| | § | |
| SAN JACINTO COLLEGE, | § | |
| | § | |
| *Defendant*. | § | |

## **ORDER**

This matter is before the Court on Plaintiff's Motion for Leave to file the Second Amended Complaint. ECF No. 23. Having considered the pleadings, the parties' filings, and the law, the Court **ORDERS** that Plaintiff's Motion for Leave be **GRANTED**.

**I. BACKGROUND**

This case involves claims of age discrimination and retaliation brought by Plaintiff, a former employee of Defendant. Plaintiff filed suit in state court bringing state law claims for age discrimination and retaliation and workers compensation retaliation in violation of the Texas Labor Code. ECF No. 1-2. Plaintiff filed his First Amended Petition in state court and added federal law claims for age discrimination and retaliation under the Age Discrimination in Employment Act ("ADEA") and disability discrimination and retaliation under Americans with Disabilities Act ("ADA"). The case was subsequently removed to federal court and Plaintiff's state law workers' compensation claims were severed and remanded to state court.

The Court entered a scheduling order setting the deadline to amend pleadings on January 15, 2021, the discovery deadline on March 1, 2021, and the dispositive motion deadline on May

3, 2021. Trial is currently scheduled for October 18, 2021.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 16(b) governs amendment of pleadings after a scheduling order deadline has passed. *Ruiz v. Uni. Of Tex. MD Anderson Cancer Center*, 291 F.R.D. 170, 171 (S.D. Tex. 2013) (quoting *S&W Enters., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)). A party may amend a pleading after the deadline in the scheduling order only with good cause and the Court's consent. FED. R. CIV. P. 16(b)(4). The party seeking leave must show that the amendment deadline could not be reasonably met despite that party's diligence. *Ruiz*, 291 F.R.D. at 171 (quoting *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008)). Courts consider four factors to determine whether good cause exists: (1) the explanation for the failure to timely amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure that prejudice. *Id*. (quoting *S&W Enters.*, 315 F.3d at 536).

Plaintiff seeks in this Motion to amend his Complaint and add claims arising under § 504 of the Rehabilitation Act for discrimination and retaliation. Section 504 provides: "No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). The statute defines a "program or activity" to include "all operations of . . . a college, university, or other postsecondary institution, or a public system of higher education." *Id*. § 794(b)(2)(A). The remedies, procedures, and rights available under the Rehabilitation Act parallel those available under the ADA. "[J]urisprudence interpreting either section is applicable to both." *Cadena v. El Paso County*, 946 F.3d 717, 723 (5th Cir. 2020) (internal quotations omitted).

To make out a prima facie case under the Rehabilitation Act (and the ADA), Plaintiff must show (1) he has a disability under the ADA; (2) that he is being excluded from participation in, or being denied benefits of, services programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination is due to his disability. *Id*. (internal quotations omitted). To establish a claim for retaliation under § 504, Plaintiff must show (1) he engaged in protected activity; (2) he suffered an adverse action; and (3) there was a causal link between the two. *Wren v. Midwestern State University*, Civil Action No. 7:18-cv-00060-O-BP, 2019 WL 3099408, at *12 (N.D. Tex. June 25, 2019) (citations omitted). This is the same retaliation standard that applies to claims brought under Title II. *Id*. (citations omitted).

### III. ANALYSIS

Plaintiff alleges good cause exists to allow a late amendment to his Complaint because he "diligently sought information about Defendant's workplace policies and procedures" that would be relevant to a § 504 claim in written discovery. ECF No. 23 at 3. In March 2020, Plaintiff requested copies of these policies and procedures in discovery and Defendant responded by forwarding Plaintiff a link to a "College Policies and Procedures" on Defendant's website. *Id*. Plaintiff reviewed the website and found no policy or procedure related to the ADA, ADAAA, or § 504. *Id*. at 4.

A year later, on March 11, 2021, Plaintiff took Defendant's Rule 30(b)(6) deposition and Defendant testified that its Policy IV.400.b and accompanying procedure applied to accommodations for employees with disabilities after January 1, 2016. *Id*. This procedure states that, upon a request for an accommodation

> A member of the HR Benefits team will also communicate with the employee to:
> 1. Conduct an informal, interactive discussion about the essential functions of the

3

> job and how the employee's disability limits the ability to perform those functions. The interactive discussion may also include written and/or electronic correspondence.
> 2. Identify the type(s) of accommodations needed. The employee's preference of accommodation will be considered during the process; however, the College has the right to select an alternative.
> . . .
> HR Benefits will work closely with employee, the employee's lender, and when applicable, the Safety department to ensure that the reasonable accommodation has been provided and is effective.

ECF No. 23-4 at 2. Defendant also testified that, in Plaintiff's case, the HR Benefits team did not handle Plaintiff's requests for accommodation; an interactive process was not provided by the department that handled the requests; and the decisionmakers in Plaintiff's request were supervisors, not the HR Benefits team. Plaintiff alleges that, despite his diligence in seeking information to support his claims, the fact that Defendant had violated its own policies and procedures was unavailable to him until the Rule 30(b)(6) deposition.

As explained above, the rights and remedies provided by § 504 are the same as those provided by the ADA. The *prima facie* elements of Plaintiff's claims under § 504 and the ADA are also the same. Thus, Defendant argues the same facts supporting Plaintiff's ADA claim, which he pled in his First Amended Complaint around a year and a half ago, were sufficient to put him on notice that a § 504 claim was also available to him. *See* ECF No. 24 at 4. However, Plaintiff has alleged that he was unaware that Defendant violated its own policies when handling his request and that this information is relevant to his claim. The Court finds the Plaintiff has provided at least some explanation for his delay, and that this factor is either neutral or weighs in favor of amendment.

The importance of the proposed amendment also weighs in favor of allowing the amendment. As explained by Defendant in its pending Motion for Summary Judgment (ECF No. 25), a party asserting a claim under the ADA must exhaust administrative remedies before suing

in federal court. These administrative remedies include filing a claim with the EEOC within 180 days of the unlawful act or, if the party has filed a complaint with a state or local agency, within 300 days. *See Williamson v. American Nat. Ins. Co.*, 695 F. Supp. 2d 431, 444-45 (S.D. Tex. 2010). Plaintiff alleges in his Motion for Leave to Amend his Complaint that his amendment is necessary because his ADA claims may be subject to dismissal for failure to timely exhaust his administrative remedies, thereby depriving him of the opportunity to "hold Defendant responsible for the illegal discriminatory actions it took against him[] . . . ." ECF No. 23 ¶ 15. Because Plaintiff's ADA claim may be subject to dismissal as acknowledged by both parties, allowing Plaintiff's requested amendment to include a § 504 claim is important and weighs in favor of granting the Motion for Leave.

Plaintiff argues the potential prejudice to Defendant in allowing the amendment is minimal because the § 504 claim arises out of the same nucleus of operative facts giving rise to the ADA, ADEA, and retaliation claims. Plaintiff further argues that his § 504 claims would not change his damages or requests for relief that have already been pled. Defendant argues it would be prejudiced by the amendment because it would require Defendant incur additional costs related to defending the claim such as written discovery, depositions, and motions. While the Court appreciates Defendant's position, it finds the prejudice to Defendant by allowing amendment essentially amounts to having to defend the claim in this suit. Prejudice caused by the late amendment can be mitigated by extending deadlines and allowing any requested continuance. The prejudice to Defendant is outweighed by the fact that it would be more efficient and a better expenditure of the Court's and the parties' resources to litigate these claims in a single suit.

Thus, for the reasons stated herein, Plaintiff's Motion for Leave to Amend is **GRANTED**. Defendant's pending Motion for Summary Judgment (ECF No. 25) is **DENIED WITHOUT**

5

**PREJUDICE** to refiling on all claims. The parties are **ORDERED** to submit a proposed amended scheduling order and an agreement on additional discovery limited to Plaintiff's § 504 claim. The parties may request a telephone conference to discuss the proposed amended scheduling order if necessary.

Signed on June 11, 2021 at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge